**FILED**

**July 26, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:00 P.M



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Rhonda Lamb | ) | Docket No. 2016-03-0758 |
| | ) | |
| v. | ) | State File No. 45423-2016 |
| | ) | |
| KARM Thrift Stores, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

### Affirmed and Remanded – Filed July 26, 2017

---

In this interlocutory appeal, the employer asserts the trial court erred in ordering medical benefits for the employee, who alleged she suffered from right carpal tunnel syndrome arising primarily out of her employment. The authorized physician opined her condition was not primarily caused by work, while the employee's medical expert concluded her condition was caused by work. The trial court ordered medical benefits after finding that the evidence offered by the employee was sufficient to rebut the presumption of correctness afforded the authorized treating physician's opinion and that the employee had met her burden of establishing she would likely prevail at a hearing on the merits. After careful review, we affirm the trial court's decision and remand the case to the trial court for any further action as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Alex B. Morrison, Knoxville, Tennessee, for the employer-appellant, KARM Thrift Stores, LLC

Rhonda Lamb, Knoxville, Tennessee, employee-appellee, pro se

1

## Memorandum Opinion[1]

Rhonda Lamb ("Employee") worked as a merchandise processor for KARM Thrift Stores, LLC ("Employer"), at one of its retail locations in Knox County, Tennessee. Employee alleged her repetitive use of a pricing gun resulted in the development of right carpal tunnel syndrome. Specifically, she testified that she was required to fill a large box with merchandise within a limited period of time, and that repeatedly squeezing the pricing gun in an effort to keep up with the pace of the work resulted in numbness and tingling in her right hand.

Employee acknowledged she has a longstanding history of diabetes, and she initially thought her symptoms were related to that condition. She further acknowledged that she had been experiencing the symptoms intermittently for some time prior to March 2016, but that her symptoms would generally improve after completing a work shift. She stated she experienced severe symptoms in her right hand on March 25, 2016 after using the pricing gun and those symptoms did not improve after completing her shift. Instead, the symptoms persisted, and she also noticed swelling in her right hand.

On March 28, 2016, Employee sought treatment from her primary care physician, Dr. Mark Johnson, who diagnosed her with "an overuse syndrome" and referred her for an EMG. The EMG, conducted by Dr. Bruce Fry that same day, revealed severe median neuropathy at the right wrist. She was then evaluated by Dr. David Holt, an orthopedist, on June 3, 2016. Dr. Holt observed that conservative care had failed to relieve her symptoms and recommended a right carpal tunnel release. She returned to Dr. Holt on July 13, 2016 for follow-up. He reiterated Employee's need for surgery and stated her condition "is likely related to repetitive activity at work[.] [T]here may be some element of her underlying diabetes as well, but again without a doubt I think her work has contributed to her symptoms."

Employee requested medical care from Employer and was provided a panel of physicians. After experiencing some difficulty locating a physician who would agree to treat her, Employee selected Dr. Timothy Renfree, an orthopedist, who first saw her on November 4, 2016. He agreed with Dr. Holt that Employee had right carpal tunnel syndrome and needed surgery to address the condition, but he disagreed with Dr. Holt's causation analysis, stating that Employee "seem[ed] very well versed [in] the year and date of when [] Tennessee stated that repetitive motion was not related to work type injury nor was typing or utilizing the keyboard." He went on to say that, "in light of what [Employee] has told me today with regards to activity at work, [] I do not feel that this right carpal tunnel syndrome is related to her work. . . . [H]er carpal tunnel syndrome [is]

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

not greater than 51% related to her work activity." He urged her to have surgery sooner rather than later, as delaying treatment would risk permanent nerve damage. He then released her at maximum medical improvement. Thereafter, Employer denied further benefits.

On January 11, 2017, Dr. Holt provided correspondence "to whom it may concern" clarifying his opinion with respect to causation. After considering Employee's diabetes and other pre-existing conditions that could contribute to the development of carpal tunnel syndrome, he stated:

> I think most likely the patient's occupation and work requirements have contributed to her carpal tunnel syndrome if not the sole cause of her carpal tunnel syndrome. I do believe the work likely contributes to greater than 50% of the patient's risk and symptoms of carpal tunnel.

Following an expedited hearing, the trial court accredited the causation opinion of Dr. Holt and ordered Employer to provide ongoing medical benefits. Employer has appealed.

On appeal, Employer argues that the trial court erred in awarding medical benefits and failing to accord sufficient weight to the causation opinion expressed by the authorized treating physician, Dr. Renfree. The trial court found Dr. Holt's opinion was sufficient to rebut the presumption of correctness afforded to Dr. Renfree's opinion, and the trial court's conclusion is presumed correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). After careful review of the record on appeal, we conclude that the evidence does not preponderate against the trial court's decision.

Although an injured worker generally has the burden of proving every essential element of his or her claim by a preponderance of the evidence, at an expedited hearing, an employee must only offer sufficient evidence from which the trial court can determine that the employee would likely prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). We have described the burden of proof at an expedited hearing as a lesser evidentiary standard, explaining that it "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment . . ., but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

3

Moreover, when faced with competing expert opinions, a "trial judge has the discretion to determine which testimony to accept." *Payne v. UPS*, No. M2013-02363-SC-R3-WC, 2014 Tenn. LEXIS 1112, at *18 (Tenn. Workers' Comp. Panel Dec. 30, 2014). In doing so, the trial court can consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Bass v. The Home Depot*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (Tenn. Workers' Comp. App. Bd. May 26, 2017). When a trial court evaluates expert medical proof of causation, it must give the opinion of an authorized treating physician a presumption of correctness, but this presumption can be rebutted by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2017).

Here, we cannot conclude that the trial court erred in accrediting the opinion of Dr. Holt over that of Dr. Renfree and determining Employee will likely prevail at a hearing on the merits. The judge carefully considered the two medical opinions and found that of Dr. Holt to be worthy of greater weight. In offering his opinion, Dr. Holt considered other possible causes of Employee's carpal tunnel syndrome, yet still concluded that her symptoms were more than fifty percent caused by her work activities.

In addition, the trial court concluded that Dr. Renfree's opinion was colored by his apparent misunderstanding of the legal definition of the word "injury" and its relation to repetitive motion conditions. The trial court noted that Dr. Renfree offered contradictory statements, recommending surgery while simultaneously placing Employee at maximum medical improvement. His November 11, 2016 office note reflects that he "explained to her that [he saw] signs of atrophy and potentially permanent damage" and that he "recommend[ed] that she move forward with a right carpal tunnel release." He later reiterated that point, stating he "[o]nce again explained to her she needs [] to have this taken care of and that if her symptoms have continued to significantly worsen she is further damaging her median nerve by waiting." He expressed his willingness to treat her, his belief that Dr. Holt would be willing to treat her, and his willingness to refer her to another physician if she wished. Nonetheless, he then placed her at maximum medical improvement, a finding at odds with his recommendation for surgery. When considering Dr. Holt's opinion in conjunction with Employee's lay testimony describing the development of her symptoms, we conclude there is sufficient evidence supporting the trial court's determination that Employee is likely to prevail on the issue of medical causation at a trial on the merits.

Under the circumstances, we cannot conclude that the trial court erred in finding Dr. Holt's opinion, accompanied by Employee's lay testimony, was sufficient to rebut the presumption of correctness afforded Dr. Renfree's opinion. Accordingly, we affirm the trial court's decision and remand the case for further action as may be necessary.

**FILED**

**July 26, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 2:00 P.M**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Rhonda Lamb | ) | Docket No.   2016-03-0758 |
| | ) | |
| v. | ) | State File No.  45423-2016 |
| | ) | |
| KARM Thrift Stores, LLC, et al. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of July, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Rhonda Lamb** | | X | | | X | Rhonda Lamb 1015 Henrietta Drive Knoxville, TN 37912; razzeld1@aol.com |
| **Ryan C. Edens** | | | | | X | rcedens@mijs.com |
| **Alex B. Morrison** | | | | | X | abmorrison@mijs.com |
| **Lisa A. Lowe, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

_Matthew Salyer_

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov